IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT LOGAN GOLLAHER,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN COUNTY, WILLIAM Z. WENTLAND, and JANN L. FARRIS,<br><br>Defendants. | **CORRECTED MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-01258-DN-CMR<br><br>District Judge David Nuffer |

On March 29, 2021, an order ("Order")[1] was entered adopting United States Magistrate Judge Cecilia M. Romero's ("Magistrate Judge") Sealed Report and Recommendation ("Report and Recommendation")[2] granting Defendants' Motion for Summary Judgment ("Motion")[3] and this action was dismissed.[4] At the time of the Order, Plaintiff Scott Logan Gollaher's ("Gollaher") objection[5] ("Objection") had not been entered in the docket. It was, however, timely filed because it was mailed March 25, 2021.[6] We now consider Gollaher's timely Objection.

---

[1] Memorandum Decision and Order Adopting Report and Recommendation, docket no. 114, filed Mar. 29, 2021 ("Order").

[2] Docket no. 110, filed Mar. 5, 2021 ("Report and Recommendation").

[3] Docket no. 59, filed May 29, 2020 ("Motion").

[4] Judgment in a Civil Case, docket no. 113, filed Mar. 29, 2021.

[5] Objection to the Magistrate Judge's Order Denying Motion for Overlength and Sealed Ruling and Recommendation, docket no. 115, filed Mar. 29, 2021 ("Objection").

[6] Gollaher sent his objection on March 25, 2021 by USPS 1-Day Priority Mail, see docket no. 115-2, filed Mar. 29, 2021, but it was not received by the Clerk until March 29, 2021, and not entered in the docket until April 1, 2021. Docket entry for docket no. 115, filed Mar. 29, 2021.

Gollaher's Objection raises two main arguments:[7] (1) the Magistrate Judge should have waited for Gollaher's reply ("Reply")[8] to Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File an Overlength Opposition Memorandum[9] before denying[10] Gollaher's motion requesting leave to file a an overlength opposition ("Overlength Motion") to Defendant's Motion for Summary Judgment;[11] and (2) the Magistrate Judge should have considered his overlength opposition ("Opposition")[12] to Defendants' Motion.

First, the Magistrate Judge was not obliged to wait for Gollaher's reply to the Overlength Motion to rule on it. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."[13] Because the Magistrate Judge found Gollaher's Overlength Motion did not satisfy the standard of "good cause and exceptional circumstances"[14] as required by DUCivR 56-1(g)(1), Gollaher's Reply was superfluous. We find the Magistrate Judge's Order Denying Motion for Overlength ("Overlength Order")[15] was not "clearly erroneous" or "contrary to law,"[16] so the Magistrate Judge's Overlength Order stands and Gollaher's first objection is overruled.

---

[7] Gollaher also summarizes the history of this case, including his multiple extensions to respond to the Motion, discovery disputes with Morgan County, and the confiscation of his legal materials at the prison. *See* Objection. Because his summary contains no clear objections to the Report and Recommendation, we do not address his recitations.

[8] Plaintiff's Response to Defendants' Opposition to Motion for Leave to File an Overlength Opposition Memorandum, docket no. 111, filed Mar. 8, 2021 ("Reply").

[9] Docket no. 108, filed Feb. 24, 2021.

[10] Order Denying Motion for Overlength, docket no. 109, filed Mar. 5, 2021 ("Overlength Order").

[11] Motion to Permit Filing of Over-Length Opposition, docket no. 107, filed Feb. 24, 2021 ("Overlength Motion").

[12] Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, docket no. 107-3, filed Feb. 24, 2021 ("Opposition").

[13] *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (quoting *M.D. Mark, Inc. v. Kerr–McGee Corp.,* 565 F.3d 753, 768 n. 7 (10th Cir.2009).

[14] DUCivR 56-1(g)(1) and DUCivR 7-1(e).

[15] Docket no. 109, filed Mar. 5, 2021.

[16] Fed. R. Civ. P. 72(a).

Second, the Magistrate Judge was not obliged to consider Gollaher's Opposition because he never submitted a compliant Opposition. His Opposition was overlength in violation of the Overlength Order and the Magistrate Judge chose not to allow it. This decision was also not "clearly erroneous" or "contrary to law."[17] Gollaher's second objection is also overruled.

We note, however, that in addition to the Magistrate Judge's review of Gollaher's "Response to Statement of Undisputed Material Facts,"[18] we have reviewed the entirety of Gollaher's overlength Opposition; the Exhibits to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Exhibits");[19] and Gollaher's declaration ("Declaration").[20] Our review confirms the Magistrate Judge's findings that Gollaher has failed to create a genuine dispute of material fact and Defendants are entitled to judgment as a matter of law on all of Gollaher's claims.

Based on our de novo review of all materials again, including Gollaher's Opposition, Exhibits, and Declaration, the analysis and conclusion of the magistrate judge is still found to be correct and is adopted.

---

[17] *Id.*

[18] Opposition at 6-69; *see also* Report and Recommendation at 5, n. 3.

[19] Docket no. 115-1, filed Mar. 29, 2021.

[20] Declaration of Scott Logan Gollaher in Support of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 107-4, filed Feb. 24, 2021.

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment[21] is GRANTED and this action is DISMISSED with prejudice.

Signed April 27, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[21] Motion.